**Angela LAKTEEN, Plaintiff— Appellant,**

v.

**CLARK COUNTY, Defendant— Appellee.**

No. 06–16700.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Catherine Jorgenson, Esq., Clark County District Attorney's Office, Las Vegas, NV, for Defendant–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Angela Lakteen appeals from the district court's summary judgment in favor of Clark County, Nevada ("County"), in her action alleging violations under Title VII and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Manatt v. Bank of America*, 339 F.3d 792, 796 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment to the County on Lakteen's hostile work environment claim, because Lakteen's conclusory assertions were insufficient to show that she was subject to conduct that was "severe or pervasive enough to alter the conditions of her employment and create an abusive work environment." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.2000) (internal quotation marks and brackets omitted).

The district court properly granted summary judgment to the County on Lakteen's retaliation claim, because Lakteen did not raise a triable issue as to whether the County's proffered reason for giving her a negative performance review was a pretext for retaliation. *See id.* at 928.

The district court properly granted summary judgment to the County on Lakteen's section 1983 claim, because she did

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not present evidence sufficient to show either that the alleged sexual harassment was the result of the County's official policy or custom, or that a final policymaker of the County was involved in the alleged misconduct. *See Hart v. Parks,* 450 F.3d 1059, 1071 (9th Cir.2006) ("[A] municipality may be held liable under § 1983 only for constitutional violations occurring pursuant to an official government policy or custom."); *Lytle v. Carl,* 382 F.3d 978, 983 (9th Cir.2004) ("For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the [local governing body].")

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.